UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN RUST, LEROY FLYNN, MADELEINE PLANTE, UNDERCOVER WINDOWS, INC., PAUL ULLRICH, DANIELLE ULLRICH, PETER LONGLEY, JOSEPH SMITH, YOLANTA SMITH, RICHARD TRUELOVE, SHERRI TRUELOVE, CONSTANCE KINK, and ANDREW J. SOLGOVIC, <br><br>Plaintiffs,<br><br>v.<br><br>BUDGET BLINDS, INC.,<br><br>Defendant. | Civil Action No.<br>07-40180-FDS |

**MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO COMPEL ARBITRATION AND TO
TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA**

**SAYLOR, J.**

This is an action by plaintiffs (1) to rescind each of their license agreements with defendant Budget Blinds, Inc., by reason of allegedly deceitful and fraudulent misrepresentations in the inducement of the agreements, (2) for damages, and (3) for injunctive relief to preclude defendant from pursuing litigation against plaintiffs in the courts of California.

Pending before the Court is defendant's motion to compel arbitration and to transfer the action to the United States District Court for the Central District of California, filed on August 27, 2007. Plaintiffs filed no opposition to defendant's motion.

Each of the license agreements between plaintiffs and defendant contains an arbitration clause in which the parties agree that disputes arising out of or relating to the agreements will be

resolved by arbitration in Orange County, California. Plaintiffs purport to have rescinded all agreements with Budget Blinds.

The Supreme Court has emphasized that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983). Similarly, the First Circuit has stated that "all doubts are resolved in favor of arbitration; arbitration will be ordered 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 723 F.2d 155, 159 (1st Cir. 1983) (citations omitted). Here, plaintiffs' attempted rescission of the entire license agreements falls within the scope of the broad arbitration provisions in the parties' agreements. *Unionmutual Stock Life Ins. Co. of America v. Beneficial Life Ins. Co.*, 774 F.2d 524, 528 (1st Cir. 1985).

The Supreme Court has further stated that "where no claim is made that fraud was directed to the arbitration clause itself, a broad arbitration clause will be held to encompass arbitration of the claim that the contract itself was induced by fraud." *Id.* (*citing Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 402 (1967)). Because plaintiffs have made no claim that defendant's fraud was directed at the agreements' arbitration clauses specifically, the parties should be required to arbitrate whether the contracts in their entirety were induced by fraud.

As for the location of the arbitration, a federal court may only order arbitration in the district in which it sits. 9 U.S.C. § 4; *see also Dempsey v. George S. May Int'l Co.,* 933 F. Supp. 72, 75-76 (D. Mass. 1996) (*citing Econo-Car Int'l, Inc., v. Antilles Car Rentals, Inc.*, 499 F.2d

1391, 1394 (3d Cir. 1974)).  Because the parties' agreements provide for arbitration in California, this Court appears to be without the power to order the parties to proceed with arbitration in the manner provided in their agreements.  9 U.S.C. § 4; *see also Dempsey,* 933 F. Supp. at 76.  Accordingly, this action should be transferred to the Central District of California for further proceedings concerning enforcement of the arbitration clause.  *Id.*

For the foregoing reasons, defendant's motion to compel arbitration and transfer the action is GRANTED.  This case is ordered transferred to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406(a).

**So Ordered.**

                                                  /s/ F. Dennis Saylor IV
                                                  F. Dennis Saylor IV
                                                  United States District Judge

Dated: October 3, 2007